IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRYLL W. KAUFMAN** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 19-cv-374-SMY |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**Yandle, District Judge:**

Pending before the Court is Petitioner Darryll W. Kaufman's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1). For the following reasons, Kaufman's motion is **DENIED**.

### Factual and Procedural Background

Kaufman was indicted on February 19, 2015 on two counts of being a felon in possession of a firearm (Counts 1 and 4), two counts of possession of a stolen firearm (Counts 2 and 5), and two counts of use of controlled substance in possession of a firearm (Counts 3 and 6). *See United States v. Kaufman*, 15-cr-30025-SMY at Doc. 1. He pleaded guilty to Counts 1 and 4 (Counts 2, 3, 5, and 6 were dismissed) and was sentenced on March 2, 2016 to 84 months on Count 1 and 84 months on Count 4, to be served consecutively, for a total of 168 months imprisonment. Judgment was entered on March 3, 2016 and Kaufman did not take a direct appeal. Kaufman filed this action on April 4, 2019 under 28 U.S.C. § 2255, seeking collateral review of his sentence and asserting ineffective assistance of counsel.

**Discussion**

Under Rule 4 of the Rules Governing § 2255 cases, it plainly appears from the motion, any attached exhibits and records of prior proceedings that the moving party is not entitled to relief, the Court must summarily dismiss the motion. This Court has conducted the necessary review and finds that Kaufman is not entitled to relief.

Section 2255(f) imposes a 1-year period of limitations for the filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, the Court entered judgment on March 3, 2016 and Kaufman did not appeal his conviction. Thus, the Judgment became final 14 days after it was entered and the deadline to file a notice of appeal expired. 28 U.S.C. § 2255(f)(1); Fed.R.App.P. 4(b)(1)(A). Kaufman's § 2255 motion, filed on April 4, 2019 – well over 3 years after his judgment of conviction was final – is clearly untimely.

The § 2255 limitation period is procedural and can be equitably tolled if a petitioner establishes that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999). "Equitable tolling is an extraordinary remedy" and "is rarely granted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

Kaufman contends that the limitations period should be tolled because he was not aware of the deadline and was not provided access to adequate federal law in order to prepare his petition while he was in state custody. But a petitioner's limited resources (including access to the prison library) and lack of legal expertise are not individually or collectively basis for invoking equitable

tolling. *Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) (collecting cases); *see also, Jones v. Hulick,* 449 F.3d 784, 789 (7th Cir. 2006); *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008).

Kaufman has not shown that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition. Accordingly, the 1-year statute of limitations cannot be equitably tolled, and Kaufman's Petition is **DENIED**. This action is **DISMISSED with prejudice** and judgment shall enter accordingly.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first obtain a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). This requires a finding that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Kaufman has not demonstrated that reasonable jurists would disagree as to the Court's timeliness determination. Therefore, this Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**DATED:  July 21, 2020**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**